IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARY JOAMMIE VOORHIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-CV-523-W-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Mary Voorhies petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found she had multiple severe impairments including Hashimoto's disease, fibromyalgia, pain disorder with depression, anxiety, and irritable bowel syndrome, but retained the residual functional capacity ("RFC") to perform work as a document preparer, addressing clerk, or weight tester. The ALJ thus found her not disabled.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on May 4, 2012, claiming a disability onset date of April 15, 2008, and a last-insured date of December 31, 2012. The Commissioner denied her

applications at the initial claim level. The ALJ heard her case but issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: "1) whether the claimant is currently employed; 2) whether the claimant is severely impaired; 3) whether the impairment is, or is comparable to, a listed impairment; 4)

2
Case 4:15-cv-00523-DGK   Document 21   Filed 09/12/16   Page 2 of 7

whether the claimant can perform past relevant work; and if not, 5) whether the claimant can perform any other kind of work." *Andrews*, 791 F.3d at 928.

Plaintiff makes two types of arguments on appeal. First, she argues that in formulating her RFC, the ALJ improperly neglected certain of her limitations. Second, she argues the ALJ improperly found her incredible.

### I. The ALJ's RFC finding is supported by substantial record evidence.

Plaintiff's first argument relates to her RFC, which is the most a claimant can do despite her limitations. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "The RFC must (1) give appropriate consideration to all of [the claimant's] impairments, and (2) be based on competent medical evidence establishing the physical and mental activity that the claimant can perform in a work setting." *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016) (alteration in original).

Plaintiff gives several reasons for why she thinks the ALJ failed to properly determine her RFC. First, she argues the ALJ ignored limitations identified by Brooke Preylo, Psy.D. ("Dr. Preylo"), and Martin Isenberg, Ph.D. ("Dr. Isenberg"). Dr. Preylo opined that Plaintiff was moderately limited in her ability to interact with supervisors and coworkers. R. at 800, 803. Dr. Isenberg opined that Plaintiff was moderately limited in her ability to accept instructions and to respond appropriately to criticism from supervisors. R. at 76, 88. The ALJ did not include these limitations in Plaintiff's RFC. *See* R. at 16.

The Court assumes without deciding that the ALJ wrongfully discounted Drs. Preylo's and Isenberg's opinions. However, any such error was harmless. *See Wright*, 789 F.3d at 853 (excusing harmless error). The *Dictionary of Occupational Titles* ("*DOT*") lists the maximum requirements demanded by various jobs. *Welsh v. Colvin*, 765 F.3d 926, 929–30 (8th Cir. 2014). The jobs the ALJ selected for Plaintiff out of the *DOT* do not require significant interaction with

supervisors or coworkers. DOT, § 249.587-018, 1991 WL 672349 (4th ed. rev. 1991) (document preparer); *id.* § 209.587-010, 1991 WL 671797 (addressing clerk); *id.* § 539.485-010, 1991 WL 674890 (weight tester). At most, they require "[a]ttending to the work assignment instructions or orders of supervisor," without specifying any level of *interaction* with supervisors or coworkers. *See id.* app. B, 1991 WL 688701. Because the *DOT* sets the floor for jobs' social requirements, and because that floor lies below what Plaintiff can do with her purported moderate social limitations, the ALJ did not prejudice her by excluding those purported limitations from her RFC. *See also Zeier v. Colvin*, No. 4:15-CV-156-RWS-SPM, 2016 WL 1068995, at *10–11 (E.D. Mo. Feb. 26, 2016) (finding an ALJ committed only harmless error in failing to ask the vocational expert about every aspect of the claimant's RFC, when the jobs the vocational expert selected out of the DOT posed no conflict with the neglected limitations). This is not a ground for remand.

Second, the ALJ found Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. R. at 15. Plaintiff argues the ALJ did not adequately capture this limitation by merely limiting her to "simple, unskilled work with no contact with the general public." R. at 16. As the Court has explained elsewhere, Plaintiff's argument is meritless. *See, e.g.*, *Gamez v. Colvin*, No. 13-4199-CV-W-DGK-SSA, 2014 WL 4112925, at *5 (W.D. Mo. Aug. 19, 2014). The Court summarily rejects this argument.

Third, the ALJ found Plaintiff had certain limitations in her ability to sit, walk, and stand. Plaintiff complains it is "impossible" to determine from the ALJ's opinion how she assessed these abilities. However, Plaintiff does not allege her RFC to sit, walk, or stand is more limited than the ALJ found. Therefore, any error by the ALJ works in her favor and so is harmless.

Fourth, Plaintiff argues the ALJ's RFC finding is flawed because it relies on only one medical opinion, from Dennis A. Velez, M.D. ("Dr. Velez"), yet Dr. Velez "opined no functional limitations whatsoever" (Doc. 34 at 14). The Court rejects the premise of Plaintiff's argument. While an ALJ must rely on medical *evidence*, *Mabry*, 815 F.3d at 390, nothing requires her to rely solely on medical *opinions*. In any event, the ALJ did rely on multiple medical opinions—she considered opinions by Dr. Preylo, Dr. Isenberg, and a state agency physician. Finally, even if the ALJ had relied solely on Dr. Velez's opinion, that would have been fine too: Dr. Velez did discuss Plaintiff's functional limitations. *E.g.*, R. at 811 (listing her musculoskeletal limitations). Therefore, the Court rejects this ground.

## II. Plaintiff's credibility argument rests on the flawed premise that the ALJ considered only the absence of objective medical evidence.

Plaintiff reported an RFC more limited than what the ALJ ultimately found, including the inability to: stand more than two minutes; lift and carry more than two or three pounds; walk 100 to 200 feet without resting; and spend the day without reclining or lying down. The ALJ discounted many of these subjective complaints, R. at 15, 17, 18–19, which Plaintiff claims was error.

In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective complaints. *Wright*, 789 F.3d at 853. To do so, the ALJ must take into account all record evidence, including the medical evidence. *Id.* The court must defer to the ALJ's credibility finding if she "explicitly discredits a claimant's testimony and gives a good reason for doing so." *Buckner*, 646 F.3d at 558.

Here, the ALJ gave at least five "good" reasons for rejecting Plaintiff's subjective complaints. First, the objective medical evidence does not support the extent of her allegations. Despite allegations of severe limitations, medical examinations of Plaintiff yielded normal

5

findings time after time. R. at 69–79, 369, 657, 662, 667, 673, 684, 688, 699, 706–07, 766, 783, 797–823. The ALJ thoroughly discussed these findings, R. at 17–18, and she did not misapply them in her credibility analysis. *See Marciniak v. Shalala*, 49 F.3d 1350, 1354 (8th Cir. 1995) (requiring ALJs to consider "the absence of objective medical evidence" in evaluating claimant credibility).

Second, medication controls Plaintiff's impairments. *E.g.*, R. at 396, 411, 489, 811; *see* 779–95 (documenting Plaintiff's medications but showing no pertinent adjustments over time); *Mabry*, 815 F.3d at 391–92 ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."). She reported some of her impairments improving over time. R. at 396, 489, 499, 555, 561–62, 582; *see* 42 U.S.C. § 423(d)(1)(A) (predicating benefits on the claimant's impairments lasting for twelve months).

Third, Plaintiff was "evasive" with Dr. Preylo, which indicts her credibility generally. R. at 799; *see Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) (permitting an ALJ to discount a claimant's credibility based on inconsistent responses during medical examinations).

Fourth, Plaintiff has a poor work history, suggesting questionable motivation to work. *See Wright*, 789 F.3d at 854.

Fifth, Plaintiff engaged in myriad daily activities that undermine her complaints. She reported, among other daily activities: caring for her dog with help, preparing simple meals, performing some household chores, driving, going to the store and shopping, taking medicine and performing personal care without reminders, eating dinner with her parents biweekly, attending doctor's appointments, crocheting, doing crafts, using her computer, managing her finances, and playing games on her phone. R. at 38, 39, 230–36, 239, 247–49, 797. Cumulatively, these activities—which require mental and physical exertion consistent with the

ALJ's RFC finding—undermine Plaintiff's claims that she has less RFC than the ALJ found. *See Ponder v. Colvin*, 770 F.3d 1190, 1195–96 (8th Cir. 2014) (affirming an ALJ's finding that a claimant could perform sedentary work given her daily activities including "performs light housework, washes dishes, cooks for her family, does laundry, can handle money and pays bills, shops for groceries and clothing, watches television, drives a vehicle, leaves her house alone, regularly attends church, and visits her family").

The above reasons are substantial evidence validating the ALJ's decision to discount Plaintiff's credibility. The Court rejects this ground. *See Andrews*, 791 F.3d at 929.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title II and XVI benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 12, 2016              /s/ Greg Kays
                                                       GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT